■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OSIRIS CABRERA, Appellant. [937 NYS2d 14]—

The court appropriately exercised its discretion in adjudicating defendant a level two offender and in determining that a downward departure from the presumptive risk level was not warranted. The People demonstrated by clear and convincing evidence that defendant, a 35-year-old man at the time of the crime, lured a special education child into a store, where he then proceeded to sodomize and rape her as she pleaded with him to stop. Defendant does not dispute that the Board properly assessed him 10 points for "Use of Violence," 25 points for "Sexual Contact with Victim," 20 points for "Age of Victim," 20 points for "Relationship Between Offender and Victim," and 10 points for not having accepted responsibility. Defendant's cumulative score of 85 points placed him above the 75-point threshold for a level two offender. There was no basis for a discretionary downward departure, particularly in light of the seriousness of the underlying sex crime (*see People v Lineberger*, 81 AD3d 439 [2011]).

Defendant insists that he was entitled to a downward departure based on evidence that he has not reoffended in 12 years. The court, having considered all the facts and circumstances of the case, properly rejected this argument in rendering its decision. SORA was intended to address not only the offender's likelihood of reoffense, but the threat to the public safety (*see* Correction Law § 168-*l* [5]). Accordingly, even if an offender poses a lesser likelihood of recidivism, no departure is warranted where "the harm would be great" if he did reoffend (*see* Sex Offender Registration Act: Risk Assessment Guidelines

and Commentary, at 2 [2006] [SORA Commentary]). The nature of the offense, and the categories in which defendant was assessed points—in particular, the age of the victim, the nature of the sexual contact with the victim, and the use of violence—demonstrate that the harm would be significant if defendant did reoffend. Defendant's conduct is exactly the type of conduct that the guidelines deem particularly harmful (*see id.* ["the child molester" inflicts greater harm than the offender who "rub[s] himself against women in a crowded subway car"]). The fact that he has not since reoffended does not warrant a downward departure (*see People v Perkins*, 32 AD3d 1241 [2006], *lv denied* 7 NY3d 718 [2006]). Further, defendant's failure to take responsibility for the offense suggests he is a poor prospect for rehabilitation (*see* SORA Commentary, at 15). In his police statement, defendant described the 14-year-old victim as a "street girl" and a "dirty little slut," and maintained that any sexual contact between them was consensual. There is no evidence that defendant has since accepted responsibility for his actions.

The court was also correct in rejecting as bases for a downward departure defendant's age (*see People v Harrison*, 74 AD3d 688 [2010], *lv denied* 15 NY3d 711 [2010]), and his "stable lifestyle." Defendant's "stable lifestyle" was already taken into account by the risk assessment instrument. Further, defendant committed the crime while at work, an indication that employment did not serve as a deterrent for his criminal behavior.

We have considered and rejected defendant's additional arguments. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.