People v Rich (2018 NY Slip Op 05065)





People v Rich


2018 NY Slip Op 05065


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2014-10378

[*1]People of State of New York, respondent,
v
Antonio Rich, appellant.


The Legal Aid Society, New York, NY (Adrienne M. Gantt of counsel; Elizabeth Janszky on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Joyce Adolfsen, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Dineen Riviezzo, J.), dated October 27, 2014, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law § 168 et seq. [hereinafter SORA]), the defendant was assessed 85 points under the Risk Assessment Instrument, which placed him within the range for a presumptive level two designation. The defendant contends that the Supreme Court improvidently exercised its discretion in denying his request for a downward departure from the presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's risk of dangerousness and sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Under the circumstances of this case, a downward departure was not warranted, as none of the factors put forward by the defendant, either singly or in combination with each other, showed that the presumptive risk level overassessed the risk of danger of reoffense (see People v Torres, 124 AD3d 744, 745-746; People v Cabrera, 91 AD3d 479, 480). Accordingly, the Supreme Court did not improvidently exercise its discretion in declining to downwardly depart from the presumptive risk level.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court