People v Thomas (2022 NY Slip Op 00741)





People v Thomas


2022 NY Slip Op 00741


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Ind No. 5090/04 5090A/04 Appeal No. 15230 Case No. 2019-05250 

[*1]The People of the State of New York, Respondent,
v
Robert Thomas, Defendant-Appellant. 


Robert S. Dean, Center for Appellate Litigation, New York (Molly Schindler of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (John T. Hughes of counsel), for respondent.



Order, Supreme Court, New York County (Robert M. Mandelbaum, J.), entered on or about August 13, 2019, which adjudicated defendant a level three predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court properly exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant has failed to show that his medical condition, age, or family situation would prevent him from reoffending. Defendant was already 60 years old when he began grooming and sexually assaulting the minor victim. His prior offenses (one of which also resulted in a level three adjudication) involved heinous assaults against children, and the underlying offense included his use and possession of nude photographs of his young victim. Even if defendant was less likely to reoffend due to his age and mobility issues, no departure is warranted because "the harm would be great if he did reoffend" (People v Cabrera, 91 AD3d 479, 479-480 [1st Dept 2012], lv denied 19 NY3d 801 [2012] [internal quotation marks omitted]). This was not one of the "rare cases in which we should exercise our discretion to depart downward" (People v Williams, 148 AD3d 540, 540 [1st Dept 2017]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022