People v Omaro (2022 NY Slip Op 01252)





People v Omaro


2022 NY Slip Op 01252


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Ind. No. 4398/78 Appeal No. 15383 Case No. 2019-4422 

[*1]The People of the State of New York, Respondent,
v
Derrick Omaro, Defendant-Appellant.


Janet E. Sabel, The Legal Aid Society, New York (Lorca Morello of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.



Order, Supreme Court, New York County (Felicia A. Mennin, J.), entered on or about May 2, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Clear and convincing evidence supported the court's assessment of 15 points for nonacceptance of responsibility. Defendant's denial of guilt, made in a presentence interview following his underlying conviction, supported at least a 10-point assessment for general failure to accept responsibility. Defendant's recent letter seeking release on parole, which expressed some general remorse but still minimized his guilt, did not qualify as a genuine acceptance of responsibility (see generally People v Solomon, 202 AD3d 88 [1st Dept 2021]). Furthermore, the court's assessment of the full 15 points for this risk factor was based on clear and convincing proof in the case summary, demonstrating that defendant had refused sex offender treatment up through June 2017. This was not undermined by defendant's submission of a document, dated July 21, 2017, that vaguely stated that defendant had complied with all treatment and program requirements, and did not substantiate his actual participation in a sex offender program.
In any event, even without any assessment for nonacceptance of responsibility defendant would remain a level three offender with a point score of 125, and we find no basis for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The risk-reducing factors claimed by defendant were outweighed by aggravating factors showing an extreme risk of reoffense that has not abated. Although the underlying sex crime occurred when defendant was very young and it resulted in a juvenile offender conviction, the crime was very serious, as was defendant's subsequent criminal history and prison disciplinary record.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022