People v Jones (2023 NY Slip Op 04829)

People v Jones

2023 NY Slip Op 04829

Decided on September 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 28, 2023

Before: Webber, J.P., Friedman, González, Rodriguez, Pitt-Burke, JJ. 

Ind. No. 934/92 Appeal No. 656 Case No. 2017-02334 

[*1]The People of the State of New York, Respondent,
v
Terrence Jones, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rebecca D. Martin of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Meghan McLoughlin of counsel), for respondent.

Order, Supreme Court, New York County (Gilbert C. Hong, J.), entered on or about December 6, 2017, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
Defendant was properly assessed 10 points for nonacceptance of responsibility. He consistently denied involvement in the crime, and never expressed more than generalized remorse, during his time in prison and at his parole hearing (see People v Omaro, 202 AD3d 632, 632 [1st Dept 2022], lv denied 38 NY3d 910 [2022]; see generally People v Solomon, 202 AD3d 88 [1st Dept 2021], lv denied 38 NY3d 906 [2022]).
The court providently exercised its discretion in declining to grant a further downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]) .[FN1]
While defendant demonstrated that he did well in anti-violence programs, his achievements in sex offender treatment were modest and not so exceptional as to warrant a downward departure (see People v Alcantara, 154 AD3d 532 [1st Dept 2017], lv denied 30 NY3d 908 [2018]). Further, defendant has presented no expert testimony to substantiate his claim that his age reduces his risk of recidivism (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; People v Diaz, 143 AD3d 552, 553 [1st Dept 2016]). The remaining mitigating factors cited by defendant, such as his prison record and family support, were adequately taken into account by the risk assessment instrument (see People v Roman, 198 AD3d 425, 426 [1st Dept 2021]; People v Malena, 186 AD3d 1175, 1175-1176 [1st Dept 2020], lv denied 36 NY3d 907 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 28, 2023

Footnotes

Footnote 1: The Court granted defendant's request for a downward departure but to a level two and not a level one.