People v Shaia (2023 NY Slip Op 05668)

People v Shaia

2023 NY Slip Op 05668

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Ind. No. 3464/10 Appeal No. 981 Case No. 2019-2027 

[*1]The People of the State of New York, Respondent,
v
Michael Shaia, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Jane White of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julianna Sousou of counsel), for respondent.

Order, Supreme Court, New York County (Daniel Conviser, J.), entered on or about December 18, 2018, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendant's request for a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). Defendant's conduct while incarcerated, progress in sex offender treatment, plans for postrelease living, and expressions of remorse were adequately taken into account by the risk assessment instrument (see People v Brown, 213 AD3d 437 [1st Dept 2023], lv denied 39 NY3d 914 [2023]; People v Watson, 112 AD3d 501, 503 [1st Dept 2013], lv denied 22 NY2d 863 [2014]). As to the remaining mitigating factors, defendant did not establish that his response to sex offender treatment was exceptional (see People v Bonnemere, 201 AD3d 475 [1st Dept 2022]), or demonstrate that his social support system and age reduced his particular likelihood of reoffense (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). In any event, the mitigating factors were outweighed by the seriousness of the underlying crime, which was preceded by an escalating pattern of offending behavior toward female strangers.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023