People v Talavera (2024 NY Slip Op 00244)

People v Talavera

2024 NY Slip Op 00244

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Rodriguez, Michael, JJ. 

Ind No. 39-2017 Appeal No. 1459M-4960 Case No. 2022-03928 

[*1]The People of the State of New York, Respondent,
v
Raymond Talavera, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Shera Knight of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about June 23, 2022, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's remorse, acceptance of responsibility, participation in sex offender treatment, and stable living arrangements were adequately taken into account by the risk assessment instrument (see People v Seales, 220 AD3d 494 [1st Dept 2023]; People v Cabrera, 91 AD3d 479, 480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). Defendant has not shown that his response to sex offender treatment was exceptional (see People v Bonnemere, 201 AD3d 475, 475 [1st Dept 2022]), or established that his age (late 50s) reduced his likelihood of reoffense (People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]). Defendant also has not demonstrated that his family support warranted a downward departure, especially given that he had the same support network at the time of the underlying misconduct (see People v Mills, 220 AD3d 548 [1st Dept 2023]; People v Stuckey, 174 AD3d 454, 455 [1st Dept 2019]). In any event, the mitigating factors, including defendant's yearslong period of offense-free living, was outweighed by the seriousness of the underlying crime, which involved a young child, and the potential harm that could result if defendant reoffends.
M-4960 — People v Raymond Talavera
Motion by defendant to strike portions of the People's brief granted to the extent of striking references to the supporting deposition, and otherwise denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024