People v Saxton (2024 NY Slip Op 05072)

People v Saxton

2024 NY Slip Op 05072

Decided on October 15, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 15, 2024

Before: Singh, J.P., Gesmer, González, Mendez, Rodriguez, JJ. 

SCI No. 400/10 Appeal No. 2801 Case No. 2017-1325 

[*1]The People of the State of New York, Respondent,
v
Kareem Saxton, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Samuel Claflin of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Amir H. Khedmati of counsel), for respondent.

Order, Supreme Court, Bronx County (Joseph J. Dawson, J.), entered on or about October 16, 2015, which adjudicated defendant a level two sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gilloti, 23 NY3d 841, 861 [2014]). The court adequately considered the mitigating factors by balancing them against the seriousness of the underlying sexual offenses, including defendant's sexual assaults, including rape, of his stepdaughter over a period of seven years, beginning when she was just five years old. Defendant's mitigation arguments, including his alleged exceptional response to treatment founded on his completion of ASAT and SCOTP programs while incarcerated, were not supported by medical and/or treatment evaluations or other relevant documentation (see generally People v Williams, 148 AD3d 540, 542 [1st Dept 2017]). Moreover, the RAI took into account that defendant accepted and received treatment because he was not assessed points under factor 12, which concerns acceptance of responsibility (see People v Krull, 208 AD3d 163, 167 [1st Dept 2022], appeal dismissed 39 NY3d 1093 [2023]; People v Lozada, 197 AD3d 1073 [1st Dept 2021]). Finally, the court appropriately denied the downward departure request because the harm that defendant would cause if he did reoffend would be great (see e.g., People v Cabrera, 91 AD3d 479 [1st Dept 2012], lv denied 19 NY3d 801 [2012]; People v Krull, 208 AD3d at 168).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2024