People v Hernandez (2024 NY Slip Op 5645)

People v Hernandez

2024 NY Slip Op 5645

Decided on November 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 14, 2024

Before: Kern, J.P., Kapnick, Kennedy, Higgitt, O'Neill Levy, JJ. 

Ind No. 71935/22 Appeal No. 3041 Case No. 2023-00716 

[*1]The People of the State of New York, Respondent,
v
Abraham Hernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Rashad Moore of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aiden Sanchez of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about January 26, 2023, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]), based on the egregious nature of defendant's possession of child pornography (see People v Almonte, 175 AD3d 1203, 1203 [1st Dept 2019]). Defendant possessed over 600 depictions of children being sexually abused, including videos of adult men sexually assaulting toddlers and an infant, and his "interest in this abhorrent type of pornography demonstrates a danger to children" (People v Vitiello, 158 AD3d 585, 585 [1st Dept 2018], lv denied 32 NY3d 905 [2018]). Moreover, "[d]efendant's conduct did not consist of mere possession of child pornography" (People v Scott E., 190 AD3d 501, 501 [1st Dept 2021], lv denied 36 NY3d 913 [2021]), given the evidence that, among other things, he directly engaged a 13-year-old child in sexually explicit internet chats, sent her videos of him masturbating, and surreptitiously recorded her engaged in sexual activity (see People v Macchia, 126 AD3d 458, 461 [1st Dept 2015], lv denied 25 NY3d 910 [2015]).
Any mitigating factors identified by defendant, including that he was not charged with any new crimes during the four years he spent in the community under federal supervision (see People v Cabrera, 91 AD3d 479, 479 [1st Dept 2012], lv denied 19 NY3d 801 [2012]), were outweighed by aggravating factors demonstrating a risk of harm to children, including factors specified in the 2012 position statement on child pornography of the Board of Examiners of Sex Offenders (see Scott E., 190 AD3d at 501).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 14, 2024