People v Mena (2024 NY Slip Op 06134)

People v Mena

2024 NY Slip Op 06134

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Ind No. 9373/96 Appeal No. 3173 Case No. 2023-01940 

[*1]The People of the State of New York, Respondent,
v
Socrates Mena, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Lauren J. Springer of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Claire Lynch of counsel), for respondent.

Order, Supreme Court, New York County (Anne J. Swern, J.), entered on or about March 31, 2023, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed.
As relevant, defendant was convicted and sentenced for the repeated rapes, robbery, and torture of three victims over the course of five horrific hours while they were held by defendant in a vacant apartment against their wills.
The court providently exercised its discretion in denying defendant's request for a downward departure in light of defendant's failure to meet his burden to prove the facts supporting a downward departure by a preponderance of the evidence (see People v Gillotti, 23 NY3d 841, 861 [2014]). Defendant's successful completion of sex offender treatment and vocational training were appropriately taken into account by the risk assessment instrument (see e.g. People v Perez, 226 AD3d 487 [1st Dept 2024], lv denied 42 NY3d 905 [2024]); however, defendant failed to establish that his rehabilitative efforts were so exceptional as to warrant a departure (see People v Beard, 223 AD3d 440, 441 [1st Dept 2024], lv denied 41 NY3d 908 [2024]; People v Cardona, 216 AD3d 518, 518-519 [1st Dept 2023]). Indeed, no adequate explanation was provided for the 10 Tier II and 3 Tier III disciplinary violations, and a new felony charge that defendant incurred while he was incarcerated despite the rehabilitative efforts that defendant had undertaken while incarcerated. Defendant has not demonstrated that his social support system and age decreased his particular likelihood of reoffense (see People v Shaia, 221 AD3d 434, 435 [1st Dept 2023], lv denied 41 NY3d 906 [2024]). In any event, these mitigating factors "were outweighed by . . . defendant's extensive criminal history" (People v Galarza, 220 AD3d 449 [1st Dept 2023], lv denied 41 NY3d 903 [2024]), "the heinousness of the crime" (People v Ortiz, 160 AD3d 442, 443 [1st Dept 2018], lv denied 31 NY3d 913 [2018]), and defendant's failure to take responsibility for his crimes which suggests that he is a poor prospect for rehabilitation (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; People v Cabrera, 91 AD3d 479, 480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). Alternatively, even if this Court did not include the 10 points defendant was scored under risk factor 12 for failure to accept responsibility, "defendant would remain a presumptive level three offender, and even with the reduced point score, there is no basis for a downward departure" (People v Frey, 125 AD3d 424, 424 [1st Dept 2015], lv denied 25 NY3d 906 [2015]).
Defendant's arguments that the housing restriction imposed on a level three offender make it difficult to secure housing are unavailing (see People v Beard, 223 AD3d at 441 ["the potential hardship that may arise from the housing restrictions imposed on defendant as a result of his [*2]risk level three adjudication is not a mitigating circumstance"]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024