People v Seda (2025 NY Slip Op 05638)

People v Seda

2025 NY Slip Op 05638

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 464/20|Appeal No. 4933|Case No. 2023-05751|

[*1]The People of the State of New York, Respondent,
v
Andre Seda, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Darcel D. Clark, District Attorney (Elliott R. Hamilton of counsel), for respondent.

Order, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), entered on or about October 10, 2023, which, after a hearing, adjudicated defendant a risk level two sexually violent offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in declining to grant a downward departure (see People v Anthony, 40 NY3d 976, 978 [2023]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument or were outweighed by the seriousness of the underlying series of sex crimes committed against a seven-year-old child (see People v Colon, 213 AD3d 419, 420 [1st Dept 2023], lv denied 39 NY3d 914 [2023]; People v Cabrera, 91 AD3d 479, 479 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). Defendant's response to sex offender treatment and prison disciplinary record were accounted for in the risk assessment instrument and were not so exceptional as to warrant a departure under the totality of the circumstances (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; see also People v Torres, 234 AD3d 604, 604 [1st Dept 2025], lv denied NY3d , 2025 NY Slip Op 76619 [2025])).
Furthermore, a departure was not warranted based on defendant's contention that during the six years between his offense conduct and his arrest he did not commit additional sex crimes. Defendant was convicted of federal conspiracy charges during the same time and, by the time of the 2023 SORA hearing, was the subject of an out-of-state arrest warrant for a separate sex offense committed against a child (see People v Washington, 233 AD3d 547, 547 [1st Dept 2024], lv denied NY3d , 2025 NY Slip Op 76624 [2025]; People v Lopez, 200 AD3d 539, 540 [1st Dept 2021], lv denied 38 NY3d 906 [2022]), which were aggravating factors not accounted for by the risk assessment instrument (see Anthony, 40 NY3d at 978).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025