People v Sastre (2025 NY Slip Op 05646)

People v Sastre

2025 NY Slip Op 05646

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Ind. No. 4712/09|Appeal No. 4923|Case No. 2020-01659|

[*1]The People of the State of New York, Respondent,
v
Luis Sastre, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Tomoeh Murakami Tse of counsel), for appellant.
Darcel D. Clark, District Attorney (Elliott R. Hamilton of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about February 7, 2020, which adjudicated defendant a level three sexually violent and predicate sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
As the People concede, the assessment of 20 points under factor 4 was improper because it was not supported by clear and convincing evidence establishing that the multiple occasions of sexual misconduct alleged occurred at sufficiently separate intervals to qualify as a continuing course of sexual conduct (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 10 [2006]; see also People v Tolbert, 223 AD3d 534, 535 [1st Dept 2024]). The remaining 100 total points assessed under the risk assessment instrument were not challenged by defendant, which would make him a presumptive level two offender. However, the court properly applied a presumptive override due to defendant's prior sex crime conviction (see People v Lebron, 143 AD3d 535, 535 [1st Dept 2016], lv denied 28 NY3d 912 [2017]), and providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861 [2014]; People v Lebron, 143 AD3d at 536). The mitigating factors presented by defendant were adequately considered by the risk assessment instrument or were not shown to reduce defendant's likelihood of reoffense (see People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]). In any event, any mitigating factors were outweighed by the seriousness of the underlying conduct, and the danger that a reoffense by defendant would cause a high degree of harm (see People v Cabrera, 91 AD3d 479, 480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025