People v Cabrera-Fernandez (2025 NY Slip Op 05749)

People v Cabrera-Fernandez

2025 NY Slip Op 05749

Decided on October 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 16, 2025

Before: Kern, J.P., Scarpulla, Pitt-Burke, O'Neill Levy, Michael, JJ. 

Ind No. 2808/17|Appeal No. 4976|Case No. 2023-03553|

[*1]The People of the State of New York, Respondent,
v
Franklin Cabrera-Fernandez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Mallory Phelps of counsel), for respondent.

Order, Supreme Court, New York County (Ann E. Scherzer, J.), entered on or about June 28, 2023, which, after a hearing, adjudicated defendant a risk level two sexually violent sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), unanimously affirmed, without costs.
The hearing court providently denied a departure to a risk level one offender and we perceive no basis to substitute our discretion to grant a downward departure (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). In declining to grant a downward departure, the SORA court properly found that the purportedly mitigating factors referenced by defendant, including a lack of disciplinary record; completion of sex offender and substance abuse treatment programs; vocational, occupational, and educational achievements; and the lack of a criminal history, were all accounted for by his Risk Assessment Instrument (RAI) (see People v Bevel, 224 AD3d 430, 431 [1st Dept 2024], lv denied 42 NY3d 902 [2024]; People v Sadagheh, 214 AD3d 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; People v Rivera, 234 AD3d 605 [1st Dept 2025]).
As for defendant's sex offender treatment, while he showed improvement over time, the records indicate that he was a successful but average participant, and thus his achievements were "not so exceptional as to warrant a downward departure" (People v Jones, 219 AD3d 1257, 1258 [1st Dept 2023], lv denied 41 NY3d 904 [2024]).
Even if defendant's mitigating factors were not fully incorporated into the RAI, "no departure is warranted where the harm would be great if he did reoffend" (People v Cabrera, 91 AD3d 479, 479-480 [1st Dept 2012] [internal quotation marks omitted], lv denied 19 NY3d 801 [2012]), which is the case here, where the victims were young children and strangers whom defendant tried to kidnap.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 16, 2025