People v Vega (2026 NY Slip Op 00061)

People v Vega

2026 NY Slip Op 00061

Decided on January 08, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 08, 2026

Before: Moulton, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Ind No. 71806/23|Appeal No. 5532|Case No. 2024-02900|

[*1]The People of the State of New York, Respondent,
vAnthony Vega, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Phoenix Rice-Johnson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew J. Loizides of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about April 25, 2024, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
The court providently exercised its discretion in denying defendant's request for a downward departure. "[T]he large number of child pornography . . . videos, the particularly disturbing nature of some of the material, the duration of defendant's retention of the material, and his trading of the material with others" indicate a likelihood of reoffense (People v Ryan, 157 AD3d 463 [1st Dept 2018], lv denied 31 NY3d 904 [2018]).
The mitigating factors presented by defendant were adequately taken into account by the risk assessment instrument or were not established by the preponderance of evidence (see generally People v Gillotti, 23 NY3d 841, 861 [2014]). In any event, any mitigating factors were outweighed by the seriousness of defendant's underlying conduct, which included possessing and sharing images and videos that depicted sexual exploitation of prepubescent children (see People v Pagan, 238 AD3d 421 [1st Dept 2025]; People v Buckley, 176 AD3d 650, 651 [1st Dept 2019], lv denied 35 NY3d 901 [2020]), and the danger that a reoffense by defendant would cause a high degree of harm (see People v Thomas, 202 AD3d 450, 451 [1st Dept 2022], lv denied 38 NY3d 911 [2022]; People v Cabrera, 91 AD3d 479, 479-480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]).
We have considered and rejected defendant's remaining arguments.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 8, 2026