People v Jackson (2026 NY Slip Op 00596)

People v Jackson

2026 NY Slip Op 00596

Decided on February 05, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 05, 2026

Before: Manzanet-Daniels, J.P., González, Shulman, Pitt-Burke, Chan, JJ. 

Ind No. 1047/83|Appeal No. 5755|Case No. 2021-03608|

[*1]The People of the State of New York, Respondent,
vStephen Jackson Also Known as Faris Matiyn, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Robin Richardson of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Connor S. Glendinning of counsel), for respondent.

Order, Supreme Court, Bronx County (Raymond L. Bruce, J.), entered on or about September 24, 2021, which denied defendant's Correction Law § 168-o(2) petition to modify his sex offender classification, unanimously affirmed, without costs.
The court providently exercised its discretion in denying a modification of defendant's level three classification. Defendant failed to establish by clear and convincing evidence a basis for a modification (see People v Lashway, 25 NY3d 478, 483 [2015]). Defendant's law abiding life since his release and the maximum expiration of his period of parole supervision, and his more than 12 years in the community unsupervised and without reoffense, do not outweigh the seriousness of the underlying sex crime committed against a child (see People v Harper, 176 AD3d 592, 592 [1st Dept 2019], lv denied 35 NY3d 902 [2020]; People v Cabrera, 91 AD3d 479, 480 [1st Dept 2012], lv denied 19 NY3d 801 [2012]). Moreover, defendant failed to satisfy his burden of demonstrating that his advancing age or medical diagnoses reduced his specific risk of reoffending (see People v Rodriguez, 145 AD3d 489, 490 [1st Dept 2016], lv denied 28 NY3d 916 [2017]; People v Portalatin, 145 AD3d 463, 464 [1st Dept 2016]). Defendant also failed to submit any proof that he had completed sex offender treatment, and the record is devoid of any indications that he has accepted responsibility for his conduct (see People v Shaljamin, 164 AD3d 1169, 1169 [1st Dept 2018]; People v Johnson, 124 AD3d 495, 496 [1st Dept 2015]).
Although defendant challenges the adequacy of the court's findings, remand is unnecessary because the record is sufficient for this Court to make its own findings (see People v Rosario, 227 AD3d 416, 416 [1st Dept 2024], lv denied 42 NY3d 907 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 5, 2026